UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ST. LOUIS COUNTY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: |
| | ) |
| HOUSE OF PAIN GYM SERVICES, LLC | ) |
| | ) |
| and | ) |
| | ) |
| F FOUR, LLC, d/b/a "House of Pain Gym" and "House of Pain", | ) |
| | ) |
| Defendants. | ) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 and based on the factual and legal grounds set forth below, Defendant F Four, LLC d/b/a "House of Pain Gym" and "House of Pain", and improperly joined Defendant House of Pain Gym Services, LLC, by and through their undersigned counsel, hereby remove Case No. 20SL-CC02430, *St. Louis County v. House of Pain Gym Services, LLC and F Four,* LLC*, d/b/a "House of Pain Gym" and "House of Pain"*, an action currently pending in the Circuit Court of St. Louis County in the State of Missouri (the "Action"), to the United States District Court for the Eastern District of Missouri.

### I.   PLEADINGS, PROCESS AND ORDERS

1.   On May 11, 2020, Plaintiff St. Louis County commenced the Action in the Circuit Court of St. Louis County in the State of Missouri. The petition ("Complaint"), was amended to join the real party in interest, F Four, LLC, d/b/a "House of Pain Gym" and "House of Pain" on May 17, 2020 and is attached hereto as part of Exhibit A.

1

2. No summons has been issued and no service of the Complaint accompanied by a summons has been served on any Defendant. Defendants have not waived formal service and have not consented to the state court's jurisdiction.

3. In accordance with 28 U.S.C. § 1446(a) and Local Rule 2.03, a complete copy of all process, pleadings and orders served upon the Defendants in the Action is attached hereto in Ex A.

4. As set forth below, this Action is properly removed to this Court pursuant to 28 U.S.C. § 1441 because the procedural requirements for removal under 28 U.S.C. § 1446 are satisfied and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.

## II. DIVERSITY JURISDICTION

5. This Court has diversity jurisdiction over the Action under 28 U.S.C. § 1332 because diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. *See*, *Manning v. Wal-Mart Stores, East, Inc.,* 304 F.Supp.2d 1146, 1148 (E.D.Mo.2004) ("Federal district courts have original jurisdiction in all civil actions between citizens of different states if the amount in controversy exceeds $75,000.00, exclusive of interest and costs.") (citing 28 U.S.C. § 1332(a)(1)).

**Citizenship**

6. Plaintiff is a charter county of the State of Missouri. (*See* Complaint at ¶ 6 (Ex. A))

7. Defendant F Four, LLC is a limited liability company duly organized in the State of Florida, with a principal place of business in the State of Florida. (*See* Complaint at ¶8; Corbett Decl. (Ex.B)). Therefore, for purposes of diversity jurisdiction under 28 U.S.C. §§ 1332 and 1441,

Defendant F Four, LLC is a citizen of the State of Florida. Defendant F Four, LLC is the real party in interest pursuant to Fed.R.Civ.P. 17. (*See* Complaint at ¶8; Corbett Decl. (Ex.B)).

8. Improperly joined defendant House of Pain Gym Services, LLC is a Missouri limited liability company that is a dormant shelf entity wholly owned by F Four, LLC. (*See* Corbett Decl. (Ex.B)). It should be disregarded for purposes of diversity jurisdiction as it has been fraudulently and pretensively joined in the Action and is not the real party in interest, as Plaintiff knows or should know. (*See* Corbett Decl. (Ex.B)). Initially in the Action Plaintiff incorrectly named House of Pain Gym Services, LLC as a defendant and did not name the real party in interest, F Four, LLC d/b/a "House of Pain Gym" and "House of Pain." House of Pain Gym Services, LLC does not have any interest in or any connection with the properties or subject matter at issue in the Action. This fact was called to the attention of the state court and Plaintiff's counsel on May 15, 2020, in the form of a motion to dismiss for lack of jurisdiction (failure to name the indispensable party) supported by affidavit. At the hearing before the state court on May 15, 2020, Plaintiff's attorney acknowledged in open court that Plaintiff is now aware that F Four, LLC is the company that owns and operates the properties in interest. (*See* Corbett Decl. (Ex.B)).  The state court granted Plaintiff leave to amend to name the real party in interest, F Four, LLC d/b/a "House of Pain" and "House of Pain Gym." On May 16, 2020, Plaintiff filed an amended Complaint correcting its deficient pleading and joining the correct party in interest, F Four, LLC, but Plaintiff did not correctly substitute the real party in interest for the improperly named defendant. (*See* Ex.A; Corbett Decl. (Ex.B)).). Pursuant to Fed.R.Civ.P. 21, improperly joined defendant House of Pain Gym Services, LLC should be disregarded and dropped from the Action as F Four, LLC, the real party in interest is now party to the Action pursuant to Fed.R.Civ.P. 17. (*See Filla v. Nofolk S. Ry. Co.,* 336 F.3d 806, 810 (8th Cir.2003)("[J]oinder is fraudulent when there exists no

reasonable basis in fact and law supporting a claim against the resident defendants." (quoting *Wiles v. Capitol Indem. Corp.,* 280 F.3d 868, 871 (8th Cir. 2002)).

9. Complete diversity of citizenship exists between the real parties in interest, as Plaintiff is a citizen of a different state (Missouri) than the only properly joined Defendant (Florida).

**Amount in Controversy**

10. In the Action, Plaintiff asserts a claim for public nuisance arising from Defendant F Four, LLC's operation of two gyms which Plaintiff claims to be in violation of a "stay-at-home" order issued by Plaintiff's Acting Director of the St. Louis County Department of Public Health. Plaintiff is seeking injunctive relief to close the gyms indefinitely, an order compelling Defendant to turn over to Plaintiff the names and contact information of its gym members and each person who has been inside its gyms, and monetary damages for the cost to test each of those individuals for COVID-19. (*See* Ex.A, "Conclusion").

11. Plaintiff's claims may be aggregated in order to satisfy the jurisdictional requirement under 28 U.S.C. § 1332. *See, e.g., Lynch v. Porter,* 446 F.2d 225, 228 (8th Cir.1971) ("It is [a] well settled rule that once diversity jurisdiction in properly invoked, a single plaintiff may properly aggregate all of the claims which he has against the defendants to satisfy the jurisdictional amount.").

12. The closure of Defendant F Four, LLC's gyms alone is likely to cost Defendant several hundred thousand dollars, well in excess of the $75,000.00 amount in controversy jurisdictional requirement. Defendants' gyms were closed during Plaintiff's stay-at-home orders and re-opened on May 4, 2020 in accordance with authority Defendant maintains was conferred upon gyms to re-open by order of the Director of the Missouri Department of Health and Senior

Services. Defendants' gym businesses were on the verge of irrecoverable financial ruin because of Plaintiff's "stay at home" orders. If Defendant's is forced to close again, even for a short period of time, let alone indefinitely, it will not be able to recover as its gym members will join other gyms in neighboring counties like St. Charles County which are open. This will cost hundreds of thousands of dollars in terms of lost revenue, lost profit, lease payments that still must be made, and the like, in addition to COVID-19 testing for all members and others who have been inside the gyms. "[W]hen relief other than a monetary judgment is demanded, the plaintiff cannot defeat removal simply by characterizing the claim as involving less than the requisite amount when the court is informed that the value of the interest to be protected exceeds the amount in controversy." 14A *C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure: Jurisdiction* § 3725 (2d. ed. 1985). In an action for injunctive or equitable relief, the "amount in controversy may be tested by the value of the right sought to be gained by the plaintiff." *Hedberg v. State Farm Mutual Automobile Insurance Co.*, 350 F.2d 924, 928 (8th Cir. 1965) (Blackmun, J.).

13.     Accordingly, the value of the right sought to be taken by Plaintiff is several hundred thousand dollars, well in excess of the $75,000.00 jurisdictional amount.

### III.    VENUE

14.     Venue is proper in this Court under 28 U.S.C. §1391(b)(2) because a substantial part of the alleged events or omissions giving rise to Plaintiff's claims occurred in St. Louis County, Missouri, and the Circuit Court of St. Louis County, State of Missouri is within this District. (*See* Complaint at ¶ 13, (Ex.A))

### IV.    REQUIREMENTS OF REMOVAL HAVE BEEN MET

15.     This Notice of Removal is timely under 28 U.S.C. § 1446, having been filed within 30 days of Defendants' receipt of the Complaint and within one year of the filing of the Complaint

on May 11, 2020 (against the fraudulently and pretensively joined Defendant) and the Amended Complaint on May 16, 2020 (against Defendant F Four, LLC, the real party in interest). No summons has been issued or served by Plaintiff as of yet. (*See* Ex.A)

16. Removal is also proper under 28 U.S.C. §1441(b) because no Defendant properly joined in the Action is a citizen of the State of Missouri. (*See* Corbett Decl. (Ex.B)).

17. A copy of the Original Filing Form is attached hereto as Exhibit C.

18. A copy of the completed Civil Cover Sheet is attached hereto as Exhibit D.

19. Defendants have served Plaintiff with a copy of this Notice. A copy of the Notice is being filed separately.

20. Defendants have filed a Notice to the Circuit Court of St. Louis County of this removal, a copy of which is attached as Exhibit E.

For all of the foregoing reasons, Defendants respectfully request this honorable Court to assume full jurisdiction over this Action.

## VERIFICATION OF SIGNED ORIGINAL DOCUMENT

Pursuant to Local Rule 11-2.11, W. Christopher McDonough, hereby attests to the existence of a paper copy of this document bearing the original signature of W. Christopher McDonough. The document was electronically filed on May 18, 2020. Counsel will retain the paper copy bearing the original signatures during the pendency of the litigation including all possible appeals.

Respectfully submitted,

THE McDONOUGH LAW FIRM, LLC

By: */s/ W. Christopher McDonough*
W. Christopher McDonough # 49648MO
16640 Chesterfield Grove Road, Suite 125
Chesterfield, MO 63005
(636) 530-1815 - Telephone
(636) 530-1816 - Facsimile
E-mail: wcm@mcdlawfirm.net
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing was sent via U.S. Mail, postage prepaid, and by e-mail to: Steven J. Capizzi and Emily B. Allison, 41 S. Central Avenue, Ninth Floor, Clayton, MO 63105, scapizzi@stlouisco.com, eallison@stlouisco.com on May 18, 2020.

*/s/ W. Christopher McDonough*