IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
STATE OF MISSOURI

| | |
|---|---|
| ST. LOUIS COUNTY, MISSOURI, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> HOUSE OF PAIN GYM SERVICES, LLC; ) <br> ) <br> ) <br> F FOUR, LLC, d/b/a HOUSE OF PAIN ) <br> *and/or* HOUSE OF PAIN GYM *operating at* ) <br> 251 Chesterfield Industrial Blvd, Chesterfield, ) <br> Missouri, 63005, *and* d/b/a HOUSE OF PAIN ) <br> *and/or* HOUSE OF PAIN GYM *operating at* ) <br> 12632 Dorsett Rd, Maryland Heights, ) <br> Missouri, 63043; ) <br> ) <br> HOUSE OF PAIN, *operating at* 251 ) <br> Chesterfield Industrial Blvd, Chesterfield, ) <br> Missouri 63005 *and/or* 12632 Dorsett Rd, ) <br> Maryland Heights, Missouri 63043; and ) <br> ) <br> HOUSE OF PAIN GYM, *operating at* 251 ) <br> Chesterfield Industrial Blvd, Chesterfield, ) <br> Missouri 63005 *and/or* 12632 Dorsett Rd, ) <br> Maryland Heights, Missouri 63043, ) <br> ) <br> Defendants. ) | Cause No. 20SL-CC02430 <br><br> Division 42 <br><br> **INJUNCTIVE RELIEF REQUESTED** |

## FIRST AMENDED PETITION OF ST. LOUIS COUNTY, MISSOURI FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF

COMES NOW Plaintiff, St. Louis County, Missouri ("St. Louis County," the "County," or "Plaintiff"), by and through its undersigned counsel, and for its First Amended Petition for Temporary Restraining Order and Preliminary and Permanent Injunctive Relief against Defendants House of Pain Gym Services, LLC ("House of Pain Gym Services"); F Four, LLC, d/b/a House of Pain *and/or* House of Pain Gym, o*perating at* 251 Chesterfield Industrial Blvd,

Chesterfield, Missouri, 63005, *and* d/b/a House of Pain *and/or* House of Pain Gym, o*perating at* 12632 Dorsett Rd, Maryland Heights, Missouri, 63043 ("F Four LLC"); House of Pain, o*perating at* 251 Chesterfield Industrial Blvd, Chesterfield, Missouri, 63005 *and/or* 12632 Dorsett Rd, Maryland Heights, Missouri, 63043; and House of Pain Gym, o*perating at* 251 Chesterfield Industrial Blvd, Chesterfield, Missouri, 63005 *and/or* 12632 Dorsett Rd, Maryland Heights, Missouri, 63043  (collectively, "Defendants"),[1] states as follows:

## NATURE OF THE ACTION

1. This action is brought by St. Louis County against Defendants, the owners and/or operators of two gyms in the County.  The County is in the midst of a public health crisis caused by the COVID-19 virus.  While the County is not alone in this regard, COVID-19 has had a particularly significant effect on the County, as compared to other locations (including elsewhere in the State of Missouri).

2. In an attempt to curtail the spread of COVID-19 in the County, the County is currently under a stay-at-home order (the "Stay-at-Home Order").  Among other things, the Stay-at-Home Order directs non-Essential Businesses, such as gyms, to reduce their operations significantly.

---

[1] The Court's Order of May 15, 2020 granted St. Louis County leave to add F Four, LLC "and an entity known as 'House of Pain' operating a gym at 12632 Dorsett and 251 Chesterfield Industrial Blvd. as additional defendants[.]" As such, the entities "House of Pain" and "House of Pain Gym," operating gyms at 12632 Dorsett and 251 Chesterfield Industrial Blvd., are named as defendants, along with House of Pain Gym Services, LLC and F Four, LLC. The corporate defendants named in this action are unmistakably the owners and/or operators of the two "House of Pain" gyms in the County. *See, e.g.*, *Deane v. S.F. Pizza, Inc.*, 229 S.W.3d 223, 226 (Mo. Ct. App. 2007) ("The fact that an incorrect name is used is immaterial if the corporate defendant is not misled by the name designation and there is no intention on the part of a plaintiff to sue a different entity.").

3. Defendants are aware of the Stay-at-Home Order, but continue to operate their gyms, which are located in the County, in violation of the Stay-at-Home Order.

4. Although on May 8, 2020, the St. Louis County Department of Public Health, through the Director, issued "Business and Individual Guidelines and Social Distancing and Re-Opening" (the "New Guidelines"), which become effective May 18, 2020, Defendants' continued operation of their gyms as being open to the public for use violates the New Guidelines as well. Although designated in the title as guidelines, the New Guidelines, as evidenced by the text therein, are in fact an order issued by the County, by and through the Department of Public Health.

5. This action is brought in the interests of public health, safety, and welfare to compel compliance with the Stay-at-Home Order and the New Guidelines.

## PARTIES, JURISDICTION, AND VENUE

6. Plaintiff St. Louis County, Missouri, is a charter county of the State of Missouri, exercising all powers bestowed upon it by the Missouri Constitution and the laws of the state.

7. Defendant House of Pain Gym Services, LLC is a limited liability company registered with the Missouri Secretary of State and doing business within St. Louis County, Missouri. Articles of Organization for House of Pain Gym Services, LLC, which at the time was instead named "House of Pain Gym, LLC," were filed on July 24, 2019 by its organizer and registered agent, W. Christopher McDonough, of the address of 16640 Chesterfield Grove Road, Suite 125, Chesterfield, MO 63005. On August 7, 2019, an Amendment of Articles of Organization was filed to change the entity's name from "House of Pain Gym, LLC" to "House of Pain Gym Services, LLC." The Amendment was filed by W. Christopher McDonough, as attorney in fact for House of Pain Gym Services.

8. Defendant F Four, LLC is a foreign limited liability company duly registered with the Missouri Secretary of State and doing business within St. Louis County, Missouri. F Four was formed under the laws of Florida on November 14, 2016. W. Christopher McDonough, of the address of 16640 Chesterfield Grove Road, Suite 125, Chesterfield, MO 63005, is the registered agent of F Four in Missouri, as well as F Four's attorney in fact. F Four's registered office in Florida is located at 10706 Ironbridge Drive, Venice, FL 34293. F Four's Florida registration lists its current registered agent as Joseph Corbett at 10706 Ironbridge Drive, Venice, FL 34293.

9. Defendant F Four, LLC has filed at least two registrations of fictitious name with the Missouri Secretary of State:

   a. House of Pain Gym, with a business address of 153 Chesterfield Business Parkway, Chesterfield, MO 63005. W Christopher McDonough is listed as F Four's attorney in fact in the House of Pain Gym registration of fictitious name.

   b. House of Pain, with a business address of 177 Chesterfield Industrial Blvd., Chesterfield, MO 63005. W Christopher McDonough is listed as F Four's attorney in fact in the House of Pain registration of fictitious name.

10. Defendant House of Pain owns and/or operates "House of Pain" gym(s) in the County, with one located at 251 Chesterfield Industrial Blvd, Chesterfield, Missouri, 63005, and the other located at 12632 Dorsett Rd, Maryland Heights, Missouri, 63043.

11. Defendant House of Pain Gym owns and/or operates "House of Pain" gym(s) in the County, with one located at 251 Chesterfield Industrial Blvd, Chesterfield, Missouri, 63005, and the other located at 12632 Dorsett Rd, Maryland Heights, Missouri, 63043.

12. Defendants own and/or operate two "House of Pain" gyms in the County, one located at 251 Chesterfield Industrial Blvd, Chesterfield, Missouri, 63005, and the other located at 12632 Dorsett Rd, Maryland Heights, Missouri, 63043 (together, the "Gyms").

13. A substantial part of the events giving rise to the claims asserted herein occurred within St. Louis County, Missouri.

14. This Court has personal jurisdiction over Defendants, in that Defendants are LLCs and entities registered and operating in Missouri, and Defendants committed the conduct described herein in this State. Moreover, as noted, Defendants' wrongful conduct alleged herein occurred in St. Louis County, Missouri.

15. Venue is appropriate in this Court pursuant to Mo. Rev. Stat. § 508.010, in that Defendants reside in St. Louis County, Missouri, and Plaintiff (and the community) were and continue to be injured in St. Louis County, Missouri, where the acts complained of herein occurred and continue to occur.

## BACKGROUND

16. St. Louis County, along with the rest of the world, is in the midst of an unprecedented global health crisis due to the COVID-19 virus. *See In re Rutledge*, No. 20-1791, --- F.3d ----, 2020 WL 1933122, at *1 (8th Cir. Apr. 22, 2020); *SH3 Health Consulting, LLC v. Page*, Case No. 4:20-CV-00605-SRC, 2020 WL 2308444, at *2 (E.D. Mo. May 8, 2020). "On January 20, 2020, the United States Centers for Disease Control and Prevention ('CDC') reported the United States' first case of coronavirus in the State of Washington." *Legacy Church, Inc. v. Kunkel*, No. CIV 20-0327 JB\SCY, 2020 WL 1905586, at *2 -3 (D.N.M. Apr. 17, 2020). On March 13, 2020, the President of the United States declared the COVID-19 outbreak a national emergency. *Id.*; *SH3 Health Consulting*, 2020 WL 2308444, at *2.

5

17. Every day, the number of people infected with COVID-19 continues to rise, along with the virus' death toll. As of May 8, 2020, testing has revealed 1,219,066 cases in the United States, with 73,297 deaths. *SH3 Health Consulting*, 2020 WL 2308444, at *2. As of that same date, the County has 3,792 confirmed cases of COVID-19 and 244 deaths. *Id.* By way of comparison, as of that same date, the entire State of Missouri has 9,489 cases of, and 449 deaths on account of, COVID-19. *Id.* In other words, COVID-19 is disproportionately prevalent in the County (and in the City of St. Louis) as compared to the rest of the State. *See id.* As of May 15, 2020, the County's number of confirmed cases of COVID-19 had risen to 4,172, with 320 deaths. *See COVID-19 Statistics*, *available at*: http://www.stlcorona.com/resources/covid-19-statistics1/ (last visited May 15, 2020).

**ST. LOUIS COUNTY'S AUTHORITY IN TIMES OF A PUBLIC HEALTH CRISIS**

18. St. Louis County, by and through its health authorities, is empowered by the Missouri Constitution, the Statutes of Missouri, and its County Charter with the police power to issue and enforce business restriction and closure orders for the protection of the health of St. Louis County residents. *See*, *e.g.*, Mo. Const., Art. IV, § 18; Mo. Rev. Stat. § 192.300; 19 CSR § 20-20.050; *see also St. Louis v. McCoy*, 18 Mo. 238 (Mo. 1853); *Metcalf v. City of St. Louis*, 11 Mo. 102 (Mo. 1847); *Avanti Petroleum, Inc. v. St. Louis Cty.*, 974 S.W.2d 506, 508 (Mo. Ct. App. 1998).

19. The Director of the St. Louis County Department of Public Health (the "Director") is further vested with the powers and duties required by law to be performed by a county hospital commissioner and by any county hospital officer, and with the powers and duties conferred upon deputy state health commissioners and county health officers by law. *See* St. Louis County Charter

("Charter") § 4.130 (attached hereto and incorporated herein as Exhibit A); SLCRO §§ 600.010, 600.030 (attached hereto and incorporated herein as composite Exhibit B).

20. Specifically, among other things, the Director has the power to enforce public health laws, and to establish and maintain activities and clinics necessary to promote the public health within St. Louis County. Charter, Ex. A, § 4.130(5), (6); SLCRO § 602.020 (attached hereto and incorporated herein as Exhibit C).

21. In exercising its broad public health powers, St. Louis County is authorized to protect its citizens from known health hazards using any reasonable method. *Avanti Petroleum*, 974 S.W.2d at 509. If a regulatory action is reasonably related to public health, the action is "fairly referable to the County's police power." *Readey v. St. Louis Cty. Water Co.*, 352 S.W.2d 622, 627 (Mo. 1961).

**THE DIRECTOR'S AMENDED STAY-AT-HOME ORDER AND NEW GUIDELINES**

22. On March 13, 2020, St. Louis County Executive Dr. Sam Page declared a state of emergency in St. Louis County, Missouri, in response to the COVID-19 public health crisis. *See* SLCRO § 703.070 (attached hereto and incorporated herein as Exhibit D); Chapter 44, RSMo.

23. Pursuant to authority granted by, among other things, the Missouri Constitution, the Statutes of Missouri, St. Louis County's Charter, and certain Executive Orders, the Director thereafter issued an Amended Stay-at-Home Order, *i.e.*, the Stay-at-Home Order,[2] as an emergency measure to attempt to curtail the transmission of COVID-19 in St. Louis County. (*See* Stay-at-Home Order, attached hereto and incorporated herein as Exhibit E.)

---

[2] The Original Order and Amended Order contain a reference to §193.300, RSMo, which due to scrivener's error should instead read § 192.300, RSMo.

24. The Stay-at-Home Order generally requires all non-Essential Businesses, such as gyms, to cease all activities within St. Louis County, except for certain exceptions inapplicable here. (Stay at Home Order, Ex. E, at § IV.C.2.)

25. On May 8, 2020, the St. Louis County Department of Public Health, through the Director, issued the New Guidelines. (The New Guidelines are attached hereto and incorporated herein as Exhibit J.) The New Guidelines begin easing restrictions on individuals and some businesses effective May 18, 2020. (*See id.*) "Due to the very high risk of transmission of COVID-19 related to certain types of congregation to such facilities," gyms and fitness centers, among others, "are prohibited from operating or re-opening except with respect to the minimum necessary activities to maintain the value of [their] inventory, provide security, process payroll or employee benefits, or to facilitate employees of the business being able to continue to work remotely[.]" (*Id.*, § III.7.)

26. To address non-compliance with the Stay-at-Home Order, and to deter non-compliance by others, the County Counselor is delegated the authority to take appropriate actions with respect to any business that has failed to comply or attempted to fail to comply with this Order, including emergency injunctive or other civil relief as the County Counselor deems appropriate. (Stay-at-Home Order, Ex. E, § IV.I.) By the Charter, the County Counselor has charge of and conducts the civil law business of County, including instituting suits in the County's name. (Ex. A, § 5.030.)

27. Under the New Guidelines, the Department of Public Health also "has the authority to establish appropriate control measures to prevent or control the spread of an infectious disease, including . . . closure of establishments in the interest of public health." (New Guidelines, Ex. J, § V.2.)

28. The Stay-at-Home Order bears a real and substantial relation to the protection of the public health and safety: it attempts to limit the transmission of COVID-19 by reducing the frequency and proximity of person-to-person contact. It accomplishes this in a variety of ways, including restricting the operations of non-Essential Businesses. (*See* Stay-at-Home Order, Ex. E, *passim*.) While the New Guidelines ease restrictions, as relevant here, the New Guidelines preclude the re-opening of certain businesses, such as gyms, that give rise to congregations that carry a very high risk of transmission of COVID-19. (New Guidelines, Ex. J, § V.2); *see Readey*, 352 S.W.2d at 627.

29. The Stay-at-Home Order and the New Guidelines are lawful enactments in the time of a public health crisis. *See, e.g.*, *Jacobson v. Massachusetts*, 197 U.S. 11, 25-38 (1905); *In re Rutledge*, 2020 WL 1933122, at *4-8; *SH3 Health Consulting*, 2020 WL 2308444 at *4-10; *Frank v. City of St. Louis*, No. 4:20-CV-00597 SEP, --- F. Supp. 3d ----, 2020 WL 2116392, at *3 (E.D. Mo. May 2, 2020).

**DEFENDANTS' VIOLATION OF THE
STAY-AT-HOME ORDER AND NEW GUIDELINES**

30. The County notified Defendants on or about April 24, 2020, via USPS mail sent to House of Pain at 251 Chesterfield Industrial Boulevard in Chesterfield, Missouri, that the County had received complaints from the public that Defendants' gym was operating in violation of the Stay-at-Home Order. (*See* April 24, 2020 Letter to House of Pain Chesterfield, attached hereto and incorporated herein as Exhibit F.)

31. On May 6, 2020, additional notice was hand-delivered to Defendants at House of Pain at 12632 Dorsett Rd, Maryland Heights, Missouri, 63043, and to Defendants at House of Pain at 251 Chesterfield Industrial Blvd, Chesterfield, Missouri, 63005, by a St. Louis County police

9

officer.  (Affidavit of Officer Richard Vencill ("Vencill Aff."), attached hereto and incorporated herein as Exhibit G, ¶¶ 3-14 and Exhibit 1 and Exhibit 2 thereto.)

32. Despite the notice given to Defendants by the County, Defendants' website currently states that the Gyms are fully open to the public from 7am—8pm, daily.  (*See* Screenshot of Website, attached hereto and incorporated herein as Exhibit H); *see also* https://houseofpain.com/gym/.

33. Additionally, media outlets in the St. Louis area have reported that the Gyms are open for business in violation of the Stay-at-Home Order, and that Defendants have expressed that "[n]either location will bend" in their decision to remain open to the public.  Fox 2 Now, "St. Louis County gyms not backing down despite orders to close," *available at*: https://fox2now.com/news/fox-files/st-louis-county-gyms-not-backing-down-despite-orders-to-close/ (last accessed May 10, 2020); KSDK, "2 gyms in St. Louis County open despite stay-at-home order," *available at*: https://www.ksdk.com/article/news/local/gyms-st-louis-county-reopen-despite-stay-at-home-order/63-87cbca0a-ab62-418a-a499-03bb83b3dd18 (last accessed May 10, 2020).

34. On May 7, 2020, legal counsel for Defendants, W. Christopher McDonough, corresponded with counsel for St. Louis County.  (*See* May 7, 2020 Correspondence, attached hereto and incorporated herein as Exhibit I.)  The correspondence from W. Christopher McDonough indicates that Defendants intend to continue operating the Gyms in violation of the Stay-at-Home Order and the New Guidelines.  (*See id.*)

35. Also on May 7, 2020, St. Louis County police observed both of the Gyms operating open to the public.  (Vencill Aff., Ex. G, ¶ 15.)

10

36. In correspondence to Defendants on May 9, 2020, the County notified Defendants, through their legal counsel, that if Defendants did not communicate their intent to bring the Gyms into compliance with the Stay-at-Home Order by 5:00 p.m. on May 10, 2020, the County would take legal action. (*See* May 9, 2020 Correspondence, attached hereto and incorporated herein as Exhibit K.)

37. Defendants, through legal counsel W. Christopher McDonough, responded to the County's notice later that day, contending that the Stay-at-Home Order is "blatantly unconstitutional" and the County's efforts to bring Defendants into compliance with the Stay-at-Home Order constituted "tyrannical persecution." (*See* May 9, 2020 Correspondence, attached hereto and incorporated herein as Exhibit L.) In any case, Defendants' correspondence makes clear that Defendants intend to continue operating the Gyms, despite having knowledge of the restrictions on gyms, in violation of the Stay-at-Home Order and the New Guidelines. (*See id.*)

38. Defendants' Gyms continue, and will continue, to remain fully open to the public, in violation of the Stay-at-Home Order and the New Guidelines and despite endangering the health of St. Louis County residents through the increased risk of spreading COVID-19 in the community.

**COUNT I**
*against all Defendants*
**(Public Nuisance)**

39. Plaintiff hereby incorporates the allegations contained in the foregoing paragraphs as if fully set forth herein.

40. Defendants' continued operation of the Gyms, in violation of the Stay-at-Home Order and the New Guidelines, is an unreasonable interference with community rights, including public health, safety, and welfare.

11

41. Defendants' continued operation of the Gyms, in violation of the Stay-at-Home Order and the New Guidelines, constitutes an unreasonable and unlawful use of Defendants' property and businesses, causing an injury to and endangering the community.

42. Defendants' conduct is in violation of lawful state and local agency and government orders, and has a profound and serious impact on the health, safety and welfare of the people in St. Louis County, Missouri, the State of Missouri, and the greater United States.

43. In short, Defendants' continued operation of the Gyms, in violation of the Stay-at-Home Order and New Guidelines, constitutes a public nuisance.

### COUNT II
*against all Defendants*
**(Emergency Injunctive and Other Civil Relief Pursuant to Section IV.I. of the Stay-at-Home Order and Section III.7 of the New Guidelines)**

44. Plaintiff hereby incorporates the allegations contained in the foregoing paragraphs as if fully set forth herein.

45. Defendants' conduct as set forth hereinabove fails to comply with the Stay-at-Home Order and the New Guidelines.

46. St. Louis County gave notice to Defendants on April 24, May 6, and May 9, 2020, that Defendants' conduct failed to comply with the Stay-at-Home Order. Along with said notices, St. Louis County requested that Defendants notify the County that they would come into compliance with said Order.

47. In written correspondence to the County on May 7 and May 9, 2020, Defendants, by and through their legal counsel W. Christopher McDonough, expressly conveyed their refusal to comply with the Stay-at-Home Order and their intent to continue to operate open to the public irrespective of government orders prohibiting their conduct. As such, Defendants violated the

Stay-at-Home Order and are violating that Order at the time this First Amended Petition is filed and will be violating the New Guidelines (which will be in effect at the time this matter is heard).

### PRAYER FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF

48. Plaintiff hereby incorporates the allegations contained in the foregoing paragraphs as if fully set forth herein.

49. Injunctive relief against Defendants should issue without delay because all prerequisites for the entry of a temporary restraining order have been satisfied:

    a. The County is likely to succeed on the merits, in that Defendants' continued operation of the Gyms violates the Stay-at-Home Order and the New Guidelines and constitutes a public nuisance;

    b. Immediate and irreparable harm has occurred, and will continue to occur, in the absence of injunctive relief against Defendants;

    c. The balance of the equities and the public interest in maintaining the restrictions and limitations set forth in the Stay-at-Home Order and the New Guidelines, which attempt to curtail the transmission of COVID-19, overwhelmingly weigh in favor of the County; and

    d. The County has no adequate remedy at law if Defendants are permitted to continue to operate the Gyms in violation of the Stay-at-Home Order and the New Guidelines, thereby endangering the health, safety, and welfare of the community.

50. Unless enjoined, Defendants will continue or repeat the acts and conduct set forth hereinabove, or similar, like, or related acts and conduct.

51. In addition to injunctive relief, Defendants should be ordered to:

      a. provide a complete list of every person who entered the Gyms since they opened to public use, including each person's name and contact information, to be used by Plaintiff's contact tracing employees; and

      b. pay the costs associated with COVID-19 tests for every individual on said list.

## **CONCLUSION**

WHEREFORE, Plaintiff St. Louis County, Missouri respectfully requests that this Court enter its Order temporarily and immediately enjoining Defendants House of Pain Gym Services, LLC; F Four, LLC, d/b/a House of Pain *and/or* House of Pain Gym, o*perating at* 251 Chesterfield Industrial Blvd, Chesterfield, Missouri, 63005, *and* d/b/a House of Pain *and/or* House of Pain Gym, o*perating at* 12632 Dorsett Rd, Maryland Heights, Missouri, 63043; House of Pain, o*perating at* 251 Chesterfield Industrial Blvd, Chesterfield, Missouri, 63005 *and/or* 12632 Dorsett Rd, Maryland Heights, Missouri, 63043; and House of Pain Gym, o*perating at* 251 Chesterfield Industrial Blvd, Chesterfield, Missouri, 63005 *and/or* 12632 Dorsett Rd, Maryland Heights, Missouri, 63043, from continuing to operate their Gyms in violation of the Stay-at-Home Order and the New Guidelines, requiring Defendants to provide, no later than 24 hours after entry of the Court's Order, a complete list of every person who entered either of Defendants' Gyms since they opened to public use, including each person's name and contact information, and requiring Defendants to pay the costs associated with COVID-19 tests for every individual on said list. In addition, following a hearing on Plaintiff's application for a preliminary injunction or a consolidated hearing on Plaintiff's application for a preliminary and permanent injunction, Plaintiff requests that this Court issue its Order preliminarily and/or permanently prohibiting Defendants from continuing to operate their Gyms in violation of the Stay-at-Home Order and the New Guidelines and requiring Defendants to provide a complete list of every person who entered

either of Defendants' Gyms since they opened to public use, including each person's name and contact information, and requiring Defendants to pay the costs associated with COVID-19 tests for every individual on said list.

                                        Respectfully submitted,

                                        **BETH ORWICK**
                                        **COUNTY COUNSELOR**

Dated: May 16, 2020             By:    /s/   Steven J. Capizzi
                                        Steven J. Capizzi    #56209
                                          Emily B. Allison    #67304
                                          Associate County Counselor
                                          41 S. Central Avenue, Ninth Floor
                                          Clayton, MO  63105
                                          (314) 615-7042 (tel); (314) 615-3732 (fax)
                                          scapizzi@stlouisco.com
                                          eallison@stlouisco.com

                                          *Attorneys for Plaintiff*
                                          *St. Louis County, Missouri*

## CERTIFICATE OF SERVICE AND
## CERTIFICATE OF COMPLIANCE WITH RULE 55.03(a)

      I hereby certify that a copy of the foregoing pleading was served via electronic mail on this 16th day of May 2020, on the parties listed below.  In addition, the undersigned counsel certifies under Rule 55.03(a) of the Missouri Rules of Civil Procedure that he has signed the original of this Certificate and the foregoing pleading.

W. Christopher McDonough, Esq.
THE MCDONOUGH LAW FIRM, LLC
16640 Chesterfield Grove Road, Suite 125
Chesterfield, Missouri 63005
wcm@mcdlawfirm.net

*Attorneys for Defendants*

                                            /s/ Steven J. Capizzi