# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| ST. LOUIS COUNTY, MISSOURI, ) | |
| ) | |
| Plaintiff, ) | Cause No. 4:20-CV-655 RLW |
| ) | |
| v. ) | |
| ) | |
| HOUSE OF PAIN GYM SERVICES, LLC, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

## TEMPORARY RESTRAINING ORDER

This matter comes before the Court on the First Amended Motion for Temporary Restraining Order ("Motion") of Plaintiff St. Louis County ("St. Louis County," "the County," or "Plaintiff") against Defendants House of Pain Gym Services, LLC, F Four, LLC, House of Pain, and House of Pain Gym.  (ECF No. 14.)  In its Motion, the County seeks to obtain immediate injunctive relief to enforce the County's stay-at-home order (the "Stay-at-Home Order") and "Business and Individual Guidelines and Social Distancing and Re-Opening" (the "New Guidelines"), enacted in response to the ongoing COVID-19 public health crisis.  The Motion has been fully briefed.  The Court heard argument on the Motion on Tuesday, May 19, 2020.

"To determine whether a temporary restraining order is warranted, the Court considers four factors: '1) the threat of irreparable harm to the moving party; 2) the state of the balance between the harm to the moving party and the harm that granting the injunction will inflict on the other parties; 3) the probability that the moving party will succeed on the merits; and 4) the public interest.'"  *City of Berkeley, Missouri v. Ferguson-Florissant Sch. Dist.*, No. 4:19CV168 RLW, 2019 WL 1558487, at *2 (E.D. Mo. Apr. 10, 2019) (quoting *Arthur J. Gallagher Risk Mgmt.*

*Servs., Inc. v. Kinsey*, No. 4:08 CV 635 DDN, 2008 WL 2064797, at *1 (E.D. Mo. May 14, 2008) (citing *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 113 (8th Cir. 1981)).

The Court concludes: (i) that the County has established a likelihood of success on the merits; (ii) that immediate and irreparable injury will occur in the absence of granting its requested relief; (iii) that the balance of the harms and the public interest favor granting immediate injunctive relief; and (iv) that the County has no adequate remedy at law.

Defendants operate two gyms located in St. Louis County.  Defendants have been aware of the Stay-at-Home Order and New Guidelines.  The New Guidelines, which are currently in effect, require that certain businesses, such as Defendants' gyms, substantially limit their operations to only: "the minimum necessary activities to maintain the value of a business's inventory, provide security, process payroll or employee benefits, or to facilitate employees of the business being able to continue to work remotely."  (New Guidelines, § III.7.)  By operating their gyms in a manner open to the public, Defendants have violated the Stay-at-Home Order and continue to violate the New Guidelines.

In light of the ongoing COVID-19 public health crisis, the Court concludes that Defendants' continued operation of their gyms in this manner endangers the public health, safety, and welfare, and constitutes an unreasonable and unlawful use of Defendants' property.  Further, Defendants' continued operation puts their members at a heightened risk of exposure to the COVID-19 virus, thereby putting them at increased risk of contracting the virus and unknowingly spreading the virus in the community.  The Court also concludes that immediate injunctive relief is necessary to protect the County and the community from the danger caused by Defendants' continued unlawful use of their premises.  Defendants' contention—that the Stay-at-Home Order and the New Guidelines are unconstitutional, such that Defendants need not comply with them—

is not well-taken. *See, e.g.*, *Jacobson v. Massachusetts*, 197 U.S. 11, 25-38 (1905); *In re Rutledge*, No. 20-1791, --- F.3d ----, 2020 WL 1933122, at *4-8 (8th Cir. Apr. 22, 2020); *SH3 Health Consulting LLC v. Page*, Case No. 4:20-CV-00605 SRC, 2020 WL 2308444, at *4-10 (E.D. Mo. May 8, 2020); *Frank v. City of St. Louis*, No. 4:20-CV-00597 SEP, --- F. Supp. 3d ----, 2020 WL 2116392, at *3 (E.D. Mo. May 2, 2020).

The issuance of this Temporary Restraining Order preserves the status quo—*i.e.*, upholds the enforceability of the Stay-at-Home Order and the New Guidelines, such that Defendants must comply with the presently effective New Guidelines—until the Court issues a decision regarding the County's Application for Preliminary and/or Permanent Injunction.

This Court has further considered whether a bond is required prior to issuance of this Temporary Restraining Order. "The amount of the bond rests within the sound discretion of the trial court." *Sharpe Holdings, Inc. v. U.S. Dep't of Health & Human Servs.*, No. 2:12-CV-92-DDN, 2012 WL 6738489, at *7 (E.D. Mo. Dec. 31, 2012) (quoting *Stockslager v. Carroll Elec. Co-op. Corp.,* 528 F.2d 949, 951 (8th Cir.1976)). Having considered the facts and circumstances of this case, the Court concludes that no security shall be required.

THEREFORE, it is hereby ORDERED that Defendants, and any person or entity in active concert or participation with Defendants, and all of their agents, servants, and employees are temporarily and immediately and enjoined and restrained from, directly or indirectly:

1. Operating their business located at 12632 Dorset Road, Maryland Heights, Missouri 63043 except as permitted by Section III.7. of the New Guidelines; and

2. Operating their business located at 251 Chesterfield Industrial Boulevard, Chesterfield, Missouri 63005 except as permitted by Section III.7. of the New Guidelines.

IT IS FURTHER ORDERED that Defendants shall, within 24 hours of entry of this Order, provide Plaintiff with a complete list of every person who entered either location of their gym since Defendants opened to public use on May 4, 2020.  Defendants shall be liable to Plaintiff for the costs associated with COVID-19 testing for every individual on said list and shall reimburse Plaintiff for the same within twenty-four (24) hours of Plaintiff submitting said costs to Defendants.

IT IS FURTHER ORDERED that any violation of this Order will give rise to sanctions against the person or entity violating this Order.

IT IS FURTHER ORDERED that no bond shall be required to be posted by Plaintiff before this Order takes effect.

IT IS FURTHER ORDERED that this Order shall remain in full force and effect for fourteen (14) days or until the Court enters and Order regarding whether a preliminary and/or permanent injunction should issue.

IT IS FURTHER ORDERED that the Court shall hold a hearing on Plaintiff's Application for Preliminary and/or Permanent Injunction on May ____, 2020, at _____.

SO ORDERED:

_____

_____
Date                                    Time